### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### GALVESTON DIVISION

| | | |
|---|---|---|
| RYAN RYDELL BONNER # 338756, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 3:19-00274 |
| | § | |
| BRIAN A. PEARCY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM OPINION AND ORDER

Plaintiff Ryan Rydell Bonner, an inmate in the Galveston County Jail, proceeds *pro se* and *in forma pauperis*. He has filed a complaint under 42 U.S.C. § 1983, alleging violations of his civil rights. Because this case is governed by the Prison Litigation Reform Act ("PLRA"), the Court is required to scrutinize the pleadings and dismiss the complaint in whole or in part if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A. After reviewing all of the pleadings as required, the Court determines that this case should be **STAYED** for reasons that follow.

**I.     BACKGROUND**

Bonner filed this suit on August 9, 2019, against four defendants: Galveston County District Attorney Jack Roady and Galveston Police Department officers Brian A. Pearcy, J. Melancon, and C. Simmons. He states that Pearcy arrested him on June 12, 2019, at a private residence in Galveston. Bonner claims "unreasonable seizures" of his person from his residence and alleges that he was not given "any rights" or "notified of the accusations"

(Dkt. 1, at 4). He alleges that Melancon "assist[ed] in the claims" (*id.*). He further alleges that Simmons, a supervisory officer, and District Attorney Roady engaged in a "criminal conspiracy" of perjury and that Roady "made up" a public intoxication charge during probable-cause proceedings (*id.* at 3-4).

Publicly available online records show that a criminal case currently is pending against Bonner in the 122nd District Court of Galveston County. *See State of Texas v. Ryan Rydell Bonner*, Case No. 19-CR-1881 (available at http://publicaccess.co.galveston.tx.us/default.aspx) (last visited Oct. 30, 2019). Documents accessible through the website reflect that Bonner was arrested on June 12, 2019, by Officer B. Pearcy, and that a magistrate entered a probable-cause finding and set bond that same day. On September 5, 2019, a grand jury returned an indictment against Bonner for obstruction or retaliation, in particular, "intentionally and knowingly threaten[ing] to harm" Pearcy. The trial court has appointed counsel to represent Bonner and a status conference is set for November 8, 2019 (*id.*).

## II.  STANDARD OF REVIEW

As required by the PLRA, the Court screens this case to determine whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. In reviewing the pleadings, the Court is mindful of the fact that Plaintiff proceeds *pro se*. Complaints filed by *pro se* litigants are entitled to a liberal construction and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings

drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Even under this lenient standard a *pro se* plaintiff must allege more than "'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Additionally, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997).

## III.  DISCUSSION

Bonner's complaint under 42 U.S.C. § 1983 claims that his constitutional rights were violated in connection with an arrest and criminal proceeding in Galveston County. He sues the Galveston County district attorney and three police officers. He does not request any specific relief, monetary or otherwise, from this Court (Dkt. 1, at 4).

Under *Heck v. Humphrey*, a claim under 42 U.S.C. § 1983 that bears a relationship to a conviction or sentence is not cognizable unless the conviction or sentence has been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). To recover damages based on allegations of "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a civil rights plaintiff must prove "that the conviction or sentence has

been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Id.* If a judgment in favor of a civil rights plaintiff "would necessarily imply the invalidity of his conviction or sentence," then the complaint "must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.

Public court records do not reflect, and Bonner does not claim, that his conviction or sentence in Case No. 19-CR-1881 has been invalidated or otherwise set aside. To the contrary, Bonner has not yet been tried on the charges against him. However, his allegations in this lawsuit would, if true, implicate the validity of the pending criminal charges against him and any conviction or sentence that might result. Therefore, *Heck* precludes Bonner's claims under § 1983 until he can demonstrate that his conviction or sentence has been invalidated. *See Clarke v. Stalder*, 154 F.3d 186, 189-91 (5th Cir. 1998) (en banc).[1]

The Supreme Court has explained that, if a pretrial detainee such as Bonner files civil-rights claims related to rulings that will likely be made in a pending criminal

---

[1] Additionally, to the extent Bonner's claims could be construed as a request for this Court to enter injunctive relief, the Court must abstain from intervening in ongoing state-court proceedings under a doctrine originating with *Younger v. Harris*, 401 U.S. 37 (1971). *See Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69 (2013); *Google, Inc. v. Hood*, 822 F.3d 212 (5th Cir. 2016). The pending state-court proceedings against Bonner implicate Texas's important interests in enforcement of its criminal laws. *See Sprint*, 571 U.S. at 78; *RTM Media, L.L.C. v City of Houston*, 584 F.3d 220, 228 & n.11 (5th Cir. 2009). Moreover, those proceedings provide an adequate forum for Bonner to raise issues regarding his constitutional rights. *See Google*, 822 F.3d at 222.

proceeding, the best practice is for the district court to stay the civil-rights case until the pending criminal case is resolved. *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007); *see Hopkins v. Ogg*, ___ F. App'x ____, 2019 WL 3761360, at *3 & n.20 (5th Cir. Aug. 8, 2019) (citing *Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995)). The Court therefore will stay and administratively close this case until the criminal proceedings against Bonner in Case No. 19-CR-1881, including any future appeal, are resolved. If Bonner ultimately is convicted, *Heck* will require dismissal of any claims in this lawsuit that would imply the invalidity of his conviction until the *Heck* conditions are met. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (explaining that claims barred by *Heck* are "dismissed with prejudice to their being asserted again until the *Heck* conditions are met"). If Bonner is not convicted, this lawsuit may proceed, absent some other bar to suit. *See Wallace*, 549 U.S. at 394.

If Bonner seeks to proceed with this suit after the criminal proceedings have concluded, he is instructed to file a motion to reinstate this case **within 30 days** of the state-court judgment. Failure to file a timely motion to reinstate could waive Bonner's opportunity to proceed with this civil action.

### IV. CONCLUSION

For the reasons stated above the Court **ORDERS** that:

1. This civil action is **STAYED** and **ADMINISTRATIVELY CLOSED** until the Court enters an order lifting the stay.

2. Within 30 days after judgment is entered in the criminal proceedings against Bonner, Bonner may file a motion to reinstate this case. **If Bonner fails to**

**a motion to reinstate within 30 days of the state-court judgment, he may waive his opportunity to proceed with this lawsuit**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Galveston, Texas, on   October 31st  , 2019.

                                                JEFFREY VINCENT BROWN
                                                UNITED STATES DISTRICT JUDGE